UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CRISTOBAL ALVAREZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-00414-RJ-JEM |
| | ) | |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS MINING REMEDIAL RECOVERY COMPANY, ARAVA NATURAL RESOURCES COMPANY, INC., AND MUELLER INDUSTRIES, INC.'S MOTION TO DISMISS**

Defendants Mining Remedial Recovery Company, Arava Natural Resources Company, Inc., and Mueller Industries, Inc. (collectively, "Affiliates") respectfully request that the Court take judicial notice of the following publicly available documents attached hereto and cited in the Brief in Support of Defendants' Mining Remedial Recorvery Company, Arava Natural Resources Company, Inc., and Mueller Industries, Inc.'s Motion to Dismiss, which was filed concurrently:

| Exhibit Number | Description |
|---|---|
| 1. | November 20, 1990 Order Confirming Third Amended and Restated Plan of Organization Proposed by Quantum Overseas N.V. and Castle Harlan, Inc. filed in Case No. 87-00207E. |
| 2. | Delaware Department of State – Division of Corporations, Entity Details for Mining Remedial Recovery Company (available at: https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx) |
| 3. | Delaware Department of State – Division of Corporations, Entity Details for Arava Natural Resources Company, Inc. (available at: https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx) |
| 4. | Delaware Department of State – Division of Corporations, Entity Details for Mueller Industries, Inc. (available at: https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx) |

| 5. | September 20, 2017 Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study of Operable Unit 2 of the East Chicago Superfund Site filed in CERCLA Docket No V-W-17-C0913. |
|---|---|
| 6. | November 2012 USEPA East Chicago Superfund Site, Record of Decision filed in *United States v. Atlantic Richfield Co.*, No 2:14-cv-312 (ECF No. 2-3). |

This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited below.

## ARGUMENT

The Court "may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). This Court "must take judicial notice if a party requests and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Court documents and administrative records maintained by federal agencies are matters of public record that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because they are not "subject to reasonable dispute," the Court may take judicial notice of them. *Id*; *see also Opaka v. I.N.S.,* 94 F.3d 392, 394 (7th Cir. 1996) (explaining that "[d]eterminations to be judicially noticed include proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue.")

Courts routinely take judicial notice of consent decrees, administrative records and bankruptcy proceedings. *See Florida Power Corp. v. FirstEnergy Corp.,* 810 F.3d 996, 1012 n.2 (6th Cir. 2015) (taking judicial notice of consent decree); *Lawson v. J.C. Penney Co.,* 7 F. Supp. 3d 898, 900 n.2 (E.D. Wis.), *aff'd sub nom. Lawson v. J.C. Penney Corp.,* 580 F. App'x 492 (7th Cir. 2014) (taking judicial notice of administrative record); *Conn-Selmer Inc. v. Bamber,* No. 3:07-CV-100 CAN, 2008 WL 348774, *5 n.1 (N.D. Ind. Feb. 7, 2008) (citing *Palay v. U.S.,* 349

US.116094498.01

F.3d 418, 425 n.5 (7th Cir. 2003) (explaining that the court "may take judicial notice of matters that are public record, like the docket from the bankruptcy proceedings," without converting 12(b)(6) motion into a motion for summary judgment)).  Courts also take notice of reports from an administrative body and matters of public record.  *See Bell v. City of Country Club Hills,* 841 F.3d 713, 716 n.1 (7th Cir. 2016) (noting that courts can take judicial notice of reports from an administrative body); *Graham v. Sch. City of Hammond, Ind.,* No. 2:12-CV-285 JVB, 2012 WL 5195977, at *1 (N.D. Ind. Oct. 19, 2012) (noting that "a court may take judicial notice of matters of public record").

The six exhibits identified in this Request are public records not subject to reasonable dispute.  Accordingly, this Court may appropriately take judicial notice of each document.

## CONCLUSION

For the foregoing reasons, Defendants request the Court to take judicial notice of the six exhibits identified above.

January 22, 2018                                            Respectfully submitted,

/s/ Kevin M. Toner
Kevin M. Toner, #11343-49
H. Max Kelln, #30358-49
Julian E. Harrell, #30661-49
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-1200
Kevin.Toner@FaegreBD.com

*Attorneys for Defendants U.S. Smelter and Lead Refinery, Inc., Mining Remedial Recovery Company, Arava Natural Resources Company, Inc., and Mueller Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kevin M. Toner
Kevin M. Toner
