Kathleen A. DeLaney
Kathleen@delaneylaw.net

November 1, 2019

Mr. Jay Schrader
Courtroom Deputy Clerk for
District Judge Joseph S. Van Bokkelen
5400 Federal Plaza, Suite 4200
Hammond, IN 46320

    Re:    *Adams et al. v Atlantic Richfield Company et al.*, No. 2:18-cv-00375-JVB-JEM
            *Alvarez et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00414-JVB-JEM
            *Baker et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00429-JVB-JEM
            *Barbee et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00193-JVB-JPK
            *Holiday et al. v. Atlantic Richfield Company et al.*, No. 2:16-cv-00525-JVB-JPK

Dear Mr. Schrader,

    I write on behalf of Defendants Atlantic Richfield Company, BP West Coast Products LLC, E. I. du Pont de Nemours and Company, and The Chemours Company (collectively "Defendants") to advise the Court of the status of each of the above-captioned cases in advance of the telephone conferences set for November 5, 2019, at 11:30 a.m. CST (in the *Holiday*, *Baker* and *Barbee* cases), November 7, 2019, at 1:30 p.m. CST (in the *Adams* case), and November 7, 2019, at 2 p.m. CST (in the *Alvarez* case). Plaintiffs in each of these cases assert claims related to alleged contamination of the U.S.S. Lead Superfund site.

## *Holiday*

    Atlantic Richfield Company ("Atlantic Richfield") and BP West Coast Products LLC ("BPWCP") timely removed the *Holiday* action to this Court on December 20, 2016, pursuant to the Class Action Fairness Act of 2005. *Holiday, et al. v. Atlantic Richfield Company, et al.*, 2:16-cv-00525, Dkt. 1, Notice of Removal. E. I. du Pont de Nemours and Company ("DuPont") and The Chemours Company ("Chemours") filed a Supplemental Notice in Support of Removal on January 6, 2017. Dkt. 20. On January 18, 2017, Plaintiffs filed their Motion for Remand, Dkt. 39, which Defendants opposed. *See* Dkt. 55, Atlantic Richfield and BPWCP's Memorandum in Opposition to Plaintiffs' Motion to Remand; Dkt. 56, DuPont and Chemours's Memorandum in Opposition to Plaintiffs' Motion to Remand. This Court held a hearing on February 28, 2018, to address "the propriety of all defendants being named in this case as well as questions pertaining to this Court's jurisdiction." Dkt. 98. On March 7, 2018, this Court issued an Order (the "Order") denying Plaintiffs' Motion to Remand, concluding that removal was proper under CAFA. Dkt. 101.

    Plaintiffs did not file an application for leave to appeal with the court of appeals within 10 days after entry of the Court's Order, as required by CAFA, 28 U.S.C. § 1453(c)(1). Instead, on March 14, 2018, Plaintiffs moved to certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b). Dkt. 103. Defendants opposed Plaintiffs' Motion for Certification, arguing that the sole means of appealing orders granting or denying a motion to remand under CAFA is 28 U.S.C. § 1453, which requires that a

party seeking appellate review must file an application for leave to appeal with the court of appeals not more than 10 days after entry of the CAFA remand order.  *See* Dkt. 106 at 3-5, Atlantic Richfield and BPWCP's Memorandum in Opposition to Plaintiffs' Motion to Amend Order to Include Certification for Interlocutory Appeal; *see also* Dkt. 108 at 1, DuPont and Chemours's Memorandum in Opposition to Plaintiffs' Motion to Amend Order to Include Certification for Interlocutory Appeal.  Defendants further argued that Plaintiffs failed to satisfy the elements set forth in 28 U.S.C. § 1292(b) to obtain certification for interlocutory appeal.  *See* Dkt. 106 at 5-9; *see also* Dkt. 108 at 1.  The Court has not ruled on Plaintiffs' Motion for Certification.[1]  There are no proceedings in this case before the Seventh Circuit.

## *Baker*

Atlantic Richfield and BPWCP timely removed the *Baker* action to this Court on November 15, 2017, based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a).  *Baker et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00429-JVB-JEM, Dkt. 1, Notice of Removal.  Plaintiffs filed a Motion to Remand on December 14, 2017, which Defendants opposed.  *See* Dkt. 41, Plaintiffs' Motion to Remand; Dkt. 56, Atlantic Richfield Company's and BPWCP's Memorandum in Opposition to Plaintiffs' Motion to Remand; Dkt. 62, DuPont and Chemours' Memorandum in Opposition to Plaintiffs' Motion to Remand.

On September 30, 2019, this Court issued an order granting Plaintiffs' Motion to Remand.  Dkt. 85.  On October 1, 2019, Atlantic Richfield and BPWCP filed a Motion to Stay certification of the remand order to the state court pending Atlantic Richfield and BPWCP's appeal of the remand order.  Dkt. 86.  DuPont and Chemours filed a Motion to Stay later the same day.  Dkt. 89.  Plaintiffs did not oppose Defendants' stay motions.  On October 21, 2019, the Court issued an order granting Defendants' motions.  Dkt. 90.  On October 28, 2019, Atlantic Richfield and BPWCP filed their Notice of Appeal.  Dkt. 91.  DuPont and Chemours filed their Notice of Appeal the same day.  Dkt. 92.  The Seventh Circuit has since docketed the appeal.  *See* Seventh Cir. Case No. 19-3159, Dkt. 3.

## *Barbee*

Atlantic Richfield and BPWCP timely removed the *Barbee* action to this Court on April 26, 2017, based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a).  *Barbee et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00193-JVB-JPK, Dkt. 1, Notice of Removal.  Plaintiffs filed a Motion to Remand on May 26, 2017, which Defendants opposed.  *See* Dkt. 33, Plaintiffs' Motion to Remand; Dkt. 48, Atlantic Richfield and BPWCP's Memorandum in Opposition to Plaintiffs' Motion to Remand; Dkt. 50, DuPont and Chemours's Memorandum in Opposition to Plaintiffs' Motion to Remand.  Plaintiffs' Motion to Remand remains sub judice.

---

[1] On March 1, 2017, Atlantic Richfield and BPWCP filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c), Dkt. 66, and DuPont and Chemours filed a motion to dismiss pursuant to Rule 12(b)(6), Dkt. 67.  On March 23, 2018, the Court denied those motions without prejudice and subject to re-filing, pending resolution of Plaintiffs' Motion for Certification.  *See* Dkt. 109.  DuPont and Chemours refiled their Motion to Dismiss on April 6, 2018, Dkt. 112, and on April 16, 2018, the Court stayed the briefing on that motion pending resolution of Plaintiffs' Motion for Certification.  *See* Dkt. 114.

On October 3, 2019, DuPont and Chemours filed a Conditional Motion to Stay the execution of any remand order the Court may issue in this case. Dkt. 87. As in *Baker*, Defendants removed the *Barbee* action under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). Accordingly, the Seventh Circuit's ruling on Defendants' appeal of the *Baker* order granting Plaintiffs' Motion to Remand will impact the *Barbee* action. It is Defendants' position that a stay of this matter pending the Seventh Circuit's ruling in *Baker* would be appropriate.

*Alvarez*

Plaintiffs filed the *Alvarez* action in this Court on October 31, 2017.[2] *Alvarez et al. v. Atlantic Richfield Company et al.*, No. 2:17-cv-00414-JVB-JEM, Dkt. 1, Complaint. On January 22, 2018, Atlantic Richfield and BPWCP filed a Motion to Dismiss pursuant to Rule 12(b)(6). Dkt. 46, Atlantic Richfield and BPWCP's Motion to Dismiss. Atlantic Richfield and BPWCP's Motion to Dismiss was fully briefed on April 20, 2018, and remains sub judice. Dkt. 76, Atlantic Richfield and BPWCP's Reply in Support of Motion to Dismiss. On January 22, 2018, DuPont and Chemours filed a Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(7). Dkt. 49, DuPont and Chemours's Motion to Dismiss. DuPont and Chemours's Motion to Dismiss was fully briefed on April 20, 2018, and remains sub judice. Dkt. 77, DuPont and Chemours's Reply in Support of Motion to Dismiss.[3]

*Adams*

Atlantic Richfield and BPWCP timely removed the *Adams* action to this Court on October 4, 2018, based on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). *Adams et al. v Atlantic Richfield Company et al.*, No. 2:18-cv-00375-JVB-JEM, Dkt. 1, Notice of Removal. Plaintiffs filed a Motion to Remand on December 5, 2018, which Defendants opposed. *See* Dkt. 60, Plaintiffs' Motion to Remand; Dkt. 73, Atlantic Richfield and BPWCP's Memorandum in Opposition to Plaintiffs' Motion to Remand; Dkt. 74, DuPont and Chemours's Memorandum in Opposition to Plaintiffs' Motion to Remand. Plaintiffs' Motion to Remand remains sub judice.

On October 3, 2019, DuPont and Chemours filed a Conditional Motion to Stay the execution of any remand order the Court may issue in this case. Dkt. 86. As in *Baker*, Defendants removed the *Adams* action under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). Accordingly, the Seventh Circuit's ruling on Defendants' appeal of the *Baker* order granting Plaintiffs' Motion to Remand will impact the *Adams* action. It is Defendants' position that a stay of this matter pending the Seventh Circuit's ruling in *Baker* would be appropriate.

---

[2] Unlike the other cases discussed in this letter, *Alvarez* was filed originally in federal court based on diversity of citizenship. *See* Dkt. 1, Complaint at ¶ 63.

[3] Atlantic Richfield and BPWCP and DuPont and Chemours each filed Motions for Judicial Notice along with their Motions to Dismiss. Dkt. 48, Atlantic Richfield and BPWCP's Motion for Judicial Notice; Dkt. 51, DuPont and Chemours's Motion for Judicial Notice. On March 29, 2019, the Court issued an order granting Defendants' Motions for Judicial Notice. Dkt. 91.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*
Kathleen A. DeLaney (#18604-49)
DeLaney & DeLaney LLC
3646 N. Washington Blvd.
Indianapolis, IN 46205
(317) 920-0400

Nancy G. Milburn
Diana E. Reiter
Jesse M. Feitel
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street
Los Angeles, CA 90071-5844
(213) 243-4000

*Counsel for Defendants Atlantic Richfield Company and BP West Coast Products LLC*

CC: Counsel of record via ECF.