UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRISTOBAL ALVAREZ, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 2:17-cv-00414-JVB-JEM |
| | ) |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION OF DUPONT AND CHEMOURS FOR
STAY PENDING APPEAL IN RELATED CASE**

E. I. du Pont de Nemours and Company and The Chemours Company (collectively, "DuPont") respectfully request that the Court exercise its inherent authority to stay this action pending the Seventh Circuit's resolution of the appeal in the related action, *Sherrie Baker, et al. v. Atlantic Richfield Co. and E. I. DuPont de Nemours and Co.*, Nos. 19-3159 & 19-3160. In support of this motion, DuPont states:

1. On October 31, 2017, plaintiffs filed their complaint. ECF No. 1.

2. On January 22, 2018, defendants DuPont, Atlantic Richfield Company ("Atlantic Richfield"), DuPont, and U.S. Smelter and Lead Refinery, Inc. d/b/a U.S.S. Lead Refinery, Inc. ("USS Lead") filed motions to dismiss. ECF Nos. 43, 46, 49. Plaintiffs filed their opposition to the motions on March 9, 2018. ECF No. 72. DuPont, Atlantic Richfield, and USS Lead filed replies on April 20, 2018. ECF Nos. 76, 77, 78. The Court has not yet ruled on the motions to dismiss.

3. On May 14, 2018, Judge Lozano *sua sponte* transferred this action pursuant to Local Rule 40-1(e) to Judge Van Bokkelen because it "arises out of the same transaction or occurrence as several previously filed cases that are currently pending before the Honorable

Joseph S. Van Bokkelen," specifically *Holiday, et al. v. Atlantic Richfield, et al.*, No. 2:16-cv-00525-JVB-JPK; *Barbee, et al. v. Atlantic Richfield, et al.*, No. 2:17-cv-00193-JVB-JPK; and *Baker, et al. v. Atlantic Richfield, et al.*, No. 2:17-cv-00429-JVB-JEM (the "Related Actions"). ECF No. 79.

4. On September 5, 2019, Judge Moody transferred *Adams, et al. v. Atlantic Richfield, et al.*, No. 2:18-cv-00375-JVB-JEM to Judge Van Bokkelen because it "concern[s] the same occurrence, specifically the alleged intentional release of toxins into the environment in an area referred to as the US Smelter and Lead Refinery Superfund Site," as the Related Actions. *Adams*, ECF No. 84.

5. On September 30, 2019, the Court granted a motion to remand the *Baker* case to state court. *Baker*, ECF No. 85. On October 21, 2019, the Court stayed its remand order pending the outcome of defendants' appeal to the Seventh Circuit. *Baker*, ECF No. 90.

6. On October 28, 2019, Atlantic Richfield, BP West Coast Products LLC, and DuPont filed notices of appeal in *Baker*. *Baker*, ECF Nos. 91 & 92. On October 31, 2019, the Seventh Circuit consolidated the two appeals and ordered a schedule under which briefing will be completed by January 29, 2020. *See Sherrie Baker, et al. v. E. I. DuPont de Nemours and Co., et al.*, No. 19-3160, ECF No. 3.

7. On November 15, 2019, the Court stayed *Holiday*, *Barbee*, and *Adams* pending the outcome of the *Baker* appeal. *Holiday*, ECF No. 134; *Barbee*, ECF No. 91; *Adams*, ECF No. 92.

8. This action is against the same defendants, makes the same factual allegations about defendants' conduct in relation to residents of the USS Lead Site, and brings many of the same claims as in the Related Actions. A brief stay of this action while the Related Actions are

also stayed will conserve judicial resources, avoid duplicative discovery, and prevent inconsistent rulings.[1]

9. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). To stay proceedings in one action pending the outcome of another, it is not necessary for the parties to be the same or for the issues to be identical. *See Landis*, 299 U.S. at 254-55; *Nextt Sols., LLC v. XOS Techs., Inc.*, No. 3:13-CV-1030-JTM-CAN, 2015 WL 13819798, at *1 (N.D. Ind. Apr. 27, 2015) (granting stay pending resolution of a motion to determine where a related action would be heard even though the two cases did not have any overlapping defendants).

10. When deciding whether to grant a stay of proceedings, courts consider whether the requested stay will (1) unduly prejudice or tactically disadvantage the nonmoving party; (2) simplify the issues in the litigation and streamline any trial; and (3) reduce the burden of litigation on parties and the court. *Nextt*, 2015 WL 13819798, at *1.

11. Here, because all of the Related Actions are still at the pleadings stage (*see* ECF No. 95 (status report on Related Cases)), plaintiffs will not "be unduly prejudiced or tactically disadvantaged because there have been no substantive rulings in this case and discovery has yet to begin." *See Nextt*, 2015 WL 13819798, at *2. Further, "delay[ed] resolution of [the] pending motion to dismiss" would not unduly prejudice plaintiffs. *See id.* This is particularly true here

---

[1] The fact that *Alvarez* plaintiffs seek to recover for damage allegedly done to their properties in addition to emotional distress damages does not change this analysis because the primary focus of discovery in all of the cases will be on defendants' conduct.

because that delay may be short.  The *Baker* appeal will be fully briefed by the end of January and may be decided promptly by the Seventh Circuit.[2]

12. A stay "could avoid duplicat[iv]e discovery in light of the common set of operative facts involved in" the Related Cases, *see id.*, as well as the common defendants and common causes of action.  If the *Baker* appeal results in all of the Related Actions proceeding in this Court, it would significantly "reduce the burden of litigation on the parties and the court" to have discovery proceed in all cases simultaneously in a coordinated manner.  *Id*.  "[T]he efficiencies possible by staying this action briefly to resolve the unique jurisdictional challenges" in the *Baker* appeal "justify a stay."  *See id*.

For these reasons, DuPont respectfully requests that the Court stay this action pending the Seventh Circuit's resolution of the *Baker* appeal.[3]

November 20, 2019                                  Respectfully submitted,

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy
Tracy A. Roman
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
*(Admitted Pro Hac Vice)*

Honor R. Costello
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212) 223-4000

---

[2] The issue on appeal in *Baker* is whether removal was proper under the federal officer removal statute.  In a similar recent appeal, the Seventh Circuit issued its decision less than five months after the notice of appeal was filed.  *See Betzner v. Boeing Co.*, 910 F.3d 1010 (7th Cir. 2018) (notice of appeal filed July 19, 2018 and Seventh Circuit order issued December 14, 2018).

[3] On November 7, 2019, counsel for the parties participated in a telephone conference with the law clerk during which plaintiffs' counsel stated that plaintiffs do not consent to a stay.

*(Admitted Pro Hac Vice)*

Dina M. Cox, Atty. No. 18590-49
Lewis Wagner, LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
(317) 237-0500

*Attorneys for E. I. du Pont de Nemours and Company and The Chemours Company*

## **CERTIFICATE OF SERVICE**

      I certify that on November 20, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                            /s/ Kathleen Taylor Sooy
                                            Kathleen Taylor Sooy