UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRISTOBAL ALVAREZ, et al., <br><br> Plaintiffs, <br> v. <br><br> ATLANTIC RICHFIELD COMPANY, et al., <br><br> Defendants. | CASE NO. 2:17-cv-414-JVB-JPK <br><br> Senior Judge <br> Hon. Joseph Van Bokkelen <br><br> Magistrate Judge <br> Hon. Joshua P. Kolar |

## JOINT STATUS REPORT

Pursuant to the Court's May 26, 2021 Orders in *Holiday et al. v. Atlantic Richfield Co. et al.*, No. 2:16-cv-525-JVB-JPK [DE 199], and *Alvarez et al. v. Atlantic Richfield Co. et al.*, No. 2:17-cv-414-JVB-JPK [DE 151], counsel for the parties in the above-captioned cases met and conferred via telephone on July 20 and August 2, 2021.[1] Following those discussions, the parties jointly tender this status report.[2]

---

[1] Counsel for Plaintiffs in *Adams et al. v. Atlantic Richfield Co. et al.*, No. 2:18-cv-375-JVB-JPK, Roberto (Alex) Alejandro Mendoza, was invited but did not attend either meet and confer. Counsel for Plaintiffs in the *Adams* matter submitted proposed text for their insert in the parties' joint status report, but much of the insert did not address any of the issues on which the Court ordered the parties to meet and confer. *See* Email from Roy Amatore dated July 26, 2021 (attached as Exhibit A). However, with respect to discovery, Plaintiffs in *Adams* stated that "[f]our groups of defendants have pending motions to dismiss the plaintiffs' complaint" and that "[t]he pending motions to dismiss have the potential to narrow discovery. Following the resolution of the motions to dismiss, the plaintiffs will require written and oral discovery in accordance with the issues as they stand at that time." *Id.* Counsel for Plaintiffs in *Holiday*, *Barbee*, and *Baker* attempted to obtain revised inserts from counsel for *Adams* that responded to all topics covered in the joint status report but was unable to do so.

[2] The Court granted the parties' joint motions to extend the deadline to file the joint status report in each separate action until August 2, 2021. *Holiday*, ECF No. 211; *Barbee et al. v. Atl. Richfield*

I. <u>Topic 1</u>: Amended Complaint that Plaintiff May Seek Leave to File[3]

- **Holiday, Barbee, and Baker Plaintiffs:** Agree that leave must be sought to amend any of the three operative complaints. Plaintiffs reserve the right to seek leave at an appropriate time in accordance with Rule 15 of the Federal Rules of Civil Procedure. During the meet and confer, counsel for Defendants indicated they would resist any motion for leave to amend, regardless of the substance of the proposed amended complaint.

- **Alvarez Plaintiffs:** Agree that leave must be sought to amend the complaint. Plaintiffs reserve the right to seek leave at an appropriate time in accordance with Rule 15 of the Federal Rules of Civil Procedure.

- **Defendants:** In each of the five separate actions, Plaintiffs would have to move the Court for leave to amend their complaint. Defendants[4] would oppose any motion by Plaintiffs because any amendment would be futile. All of Plaintiffs' claims fail as a matter of law—no amendment can save their claims—and, therefore, Plaintiffs' complaints in *Holiday*, *Barbee*, *Baker*, and *Adams* must be dismissed with prejudice.[5] During the meet and confer, counsel for Plaintiffs in *Holiday*, *Barbee*, and *Baker* and Plaintiffs' counsel in *Alvarez* stated that they did not intend to share with Defendants a draft of any amended complaint that they may seek leave to file in the future on behalf of their respective clients.

II. <u>Topic 2</u>: Subset of Easily Producible Documents That Would Not be Overly Burdensome to Exchange at This Time[6]

- **Holiday, Barbee, and Baker Plaintiffs:** Believe the discovery produced by Atlantic Richfield/BP West Coast and DuPont in prior related actions can and should be produced at this time.

---

Co. et al., No. 2:17-cv-193-JVB-JPK, ECF No. 164; *Baker et al. v. Atl. Richfield Co. et al.*, No. 2:17-cv-429-JVB-JPK, ECF No. 154; *Alvarez*, ECF No. 159; *Adams*, ECF No. 155.

[3] *See* note 1. Counsel for Plaintiffs in *Adams* did not provide the parties with their position on this topic.

[4] Atlantic Richfield Company ("Atlantic Richfield"), BP West Coast Products LLC ("BPWCP"), E. I. du Pont de Nemours and Company ("DuPont"), The Chemours Company ("Chemours"), U.S. Smelter and Lead Refinery, Inc., d/b/a U.S.S. Lead Refinery, Inc. ("U.S. Smelter"), and Hammond Group, Inc., Hammond Lead Products LLC, Halox LLC, and Halstab LLC. BPWCP, Hammond Group, Inc., Hammond Lead Products LLC, Halox LLC, and Halstab LLC are not defendants in *Alvarez*.

[5] *See Holiday*, ECF Nos. 149, 150, 151, 152, 155, 156, 177, 178, 179; *Barbee*, ECF Nos. 109, 110, 112, 113, 115, 116, 141, 142, 143; *Baker*, ECF Nos. 109, 110, 111, 112, 114, 115, 149, 150, 151; *Adams*, ECF Nos. 111, 112, 113, 114, 122, 123, 137, 138, 140.

[6] *See* note 1.

2

- **Alvarez Plaintiffs:** Expressed during the July 20, 2021 meet and confer that the discovery produced by Atlantic Richfield/BP West Coast and DuPont in prior related actions, particularly the discovery already produced in *Rolan v. Atlantic Richfield*, No. 16-cv-357 and discussed in this Court's 4/28/2021 status hearing, can and should be produced at this time because doing so would not be overly burdensome. Alvarez Plaintiffs also expressed that they believe it would not be overly burdensome for Defendants to respond to narrow initial discovery requests and were prepared to issue narrow requests if Defendants agreed to comply. Defendants objected on the basis that discovery was "premature" because the motion to dismiss was still pending.

  The motion to dismiss is no longer pending in *Alvarez*. Specifically, after the meet and confer, the Court issued a decision allowing the Complaint to survive as follows: "The negligence claim and negligent infliction of emotional distress claim may proceed against all Defendants. The nuisance claim is dismissed as to Atlantic Richfield and U.S. Smelter and may proceed against DuPont. The trespass claim is dismissed as to all Defendants. The request for punitive damages remains active." *Alvarez*, ECF No. 157, at 20.

  Alvarez Plaintiffs intend to proceed immediately with issuing formal discovery requests on all Defendants relevant to the claims that survived the motion to dismiss.

- **Defendants:** Defendants maintain that no discovery should proceed until after the Court decides the motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure pending in all five cases. Rulings on Defendants' dispositive motions pending in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases will determine which, if any, claims asserted by which Plaintiffs in those cases can proceed against which, if any, Defendants, and therefore whether or which documents produced by Atlantic Richfield or the DuPont Defendants in the *Rolan* matter would be relevant to any claims or defenses that may be asserted by the parties in those four cases.

  U.S. Smelter has not selected its own easily accessible set of documents for production in *Alvarez* or *Adams*, the two cases in which it is a party. (U.S. Smelter was not a party in *Rolan*.) However, U.S. Smelter has approximately 480,000 pages of business records selected by EPA. Those documents were imaged and produced to EPA subject to a clawback agreement. Following a Rule 16 conference setting the pretrial scheduling in *Alvarez*, U.S. Smelter would be agreeable to produce those images in discovery provided all parties first agree to a clawback arrangement that allows U.S. Smelter to preserve its privilege and work product protections.

3

The Hammond Group Defendants (Hammond Group, Inc., Hammond Lead Products LLC, Halox LLC, and Halstab LLC) were not parties to the *Rolan* matter and do not have readily assembled and reviewed materials that would be relevant to, and readily available for production in, any of the pending matters to which they are parties. It would be premature, unduly burdensome, and disproportional to require production of such documents, whether formally or informally, during the pendency of the motions to dismiss.

Further, Defendants object to the concept of *informal* document production. The Federal Rules of Civil Procedure, specifically Rules 26, 34, and 37, and the Court's Local Rules, establish a well-understood framework for the production of documents that protects the parties' rights in requesting and responding to such requests. It would be inappropriate to begin discovery before the Court rules on the Rule 12 motions in the other four cases and without the protections of the Federal Rules of Civil Procedure.[7] Defendants also state that in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases, informal discovery into claims likely to be dismissed would waste the parties' and the Court's time and resources.[8] It likewise would be inappropriate for Plaintiffs in *Alvarez* to serve formal discovery requests before the Court sets a Rule 16 conference and the requirements of Rule 26(f) have been satisfied.

### III. Topic 3: Proposals for Staging of Formal Discovery, if any[9]

- **Holiday, Barbee, and Baker Plaintiffs:** Support conducting liability discovery first, before conducting full damages discovery.

- **Alvarez Plaintiffs:** Support conducting liability discovery first, before conducting full damages discovery.

- **Defendants:** Defendants state that it would be appropriate to continue to defer broad written discovery requests in *Alvarez* until Defendants'

---

[7] During the meet and confer, counsel for Plaintiffs in *Holiday*, *Barbee*, and *Baker* acknowledged that plaintiff-specific documents have been produced in *Alvarez v. City of East Chicago*, No. 45D05-1803-CT-00003 (Lake Super. Ct.). Accordingly, Defendants respectfully request that if the Court were to order an informal exchange of documents, such exchange should be mutual and Plaintiffs in all five cases should be ordered to produce any documents previously produced in the *Alvarez* matter pending in Lake County Superior Court or in *Adams v. City of East Chicago*, No. 45D01-1809-CT-000526 (Lake Super. Ct.).

[8] *See, e.g.*, *Rolan v. Atl. Richfield Co.*, No. 1:16-CV-357-TLS, 2017 WL 3191791, at *15–17, *20 (N.D. Ind. July 26, 2017); *Walker v. City of East Chicago*, No. 2:16 CV 367, 2017 WL 4340259, at *3, *7–9, *15 (N.D. Ind. Sept. 29, 2017); *see also Mabry v. City of East Chicago*, No. 2:16-CV-402 JVB, 2017 WL 4284381, at *4 (N.D. Ind. Sept. 27, 2017).

[9] *See* note 1.

dispositive motions pending in the other cases are fully resolved and Rule 26(a) initial disclosures have been completed. In light of the Court's preference for the parties to discuss appropriate coordination measures, should any claims survive the Rule 12 motions in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases, there may be opportunities for efficiencies and coordination of any overlapping discovery issues, as set forth in more detail in Defendants' position on Topic 4.

In the event that any claims survive the Rule 12 motions pending in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases, and after Defendants file answers to the complaint in each action and a Rule 16 conference is set, Atlantic Richfield, BPWCP, and the DuPont Defendants would be willing to assess whether and which, if any, documents from the *Rolan* matter are relevant to any of those surviving claim(s) or defenses in those cases or to any claims or defenses in the *Alvarez* action and, if so, in response to a written document request that satisfies Rules 26, 34, and 37, produce such documents, subject to protective orders being in place.

The appropriateness of any other proposed staging of discovery in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases will depend on which, if any, claims asserted by which Plaintiffs in those cases proceed against which, if any, Defendants. Defendants, however, cannot agree to any proposal in any action that would entail one-sided discovery of Defendants only. The staging proposed by Plaintiffs in the *Holiday*, *Barbee*, and *Baker* cases would be particularly inappropriate given that their complaints fail to specify any alleged injuries, relying instead on vague and generalized allegations pertaining to Plaintiffs as a group. Defendants likewise object to the staging proposed by Plaintiffs in the *Alvarez* action given that the Environmental Protection Agency ("EPA") completed all cleanup actions at over ninety-five percent of the contaminated properties located within Zones 2 and 3 of the USS Lead Superfund Site—where all Plaintiffs in *Alvarez* allegedly own property—and thus, in September 2020, EPA delisted 671 residential properties located in Zones 2 and 3 from the National Priorities List.[10] In light of EPA's remedial actions in the areas where Plaintiffs in *Alvarez* allegedly live, Plaintiffs must provide information to substantiate their claims, including any alleged injuries, at the outset of discovery, as detailed below in Defendants' position on Topic 4.

---

[10] *See* Deletions From the National Priorities List, 85 Fed. Reg. 61,610, 61,611 (Sept. 30, 2020), https://semspub.epa.gov/src/document/05/961350; EPA, NPL Partial Site Deletion Narrative: U.S. Smelter and Lead Refinery, Inc., East Chicago, Indiana, https://semspub.epa.gov/src/document/HQ/400270.

IV. <u>Topic 4</u>: Discovery-Sharing Agreements and/or Protective Orders[11]

- **Holiday, Barbee, and Baker Plaintiffs:** (i) Support the entry of an appropriate protective order; (ii) Propose that the Defendants' collectively serve a single set of initial interrogatories and single set of requests for production on the Plaintiffs, rather than each Defendant serving separate interrogatories and document requests; and (iii) Propose that the parties work collaboratively to agree on a standardized "Plaintiff Fact Sheet" for the collection of basic information about each Plaintiff.

- **Alvarez Plaintiffs:** (i) Support the entry of an appropriate protective order; (ii) Propose that the Defendants collectively serve a single set of initial interrogatories and single set of requests for production on the Plaintiffs, rather than each Defendant serving separate initial interrogatories and document requests; and (iii) Propose that the parties work collaboratively to agree on a standardized "Plaintiff Fact Sheet" for the collection of basic information about each Plaintiff.

- **Defendants:** Defendants are willing to begin negotiating protective orders in all five cases while their Rule 12 motions in *Holiday*, *Barbee*, *Baker*, and *Adams* are pending and have agreed to prepare a first draft of such orders. Any negotiated protective order would need to be entered and approved by the Court in each matter before any Defendant produces any discovery.

    The appropriateness of any other coordination measures will depend on which, if any, claims asserted by which Plaintiffs in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases proceed against which, if any, Defendants. Should any claims survive the pending dispositive motions, within a single case, each individual Plaintiff's claims would be subject to plaintiff-specific discovery that will necessarily differ from Plaintiff to Plaintiff. Likewise, other coordination measures would need to take into account differences in the nature of the alleged damages and the Defendants involved in each of the five separate actions.

    Accordingly, Defendants are unable to assess at this time the necessity and merits of the proposals by Plaintiffs in *Holiday*, *Barbee*, and *Baker* and Plaintiffs in *Alvarez* to develop a "Plaintiff Fact Sheet" in each separate action, but Defendants agree that each individual Plaintiff in all five cases would need to provide information to substantiate their claims at the outset of discovery. In the *Holiday*, *Barbee*, *Baker*, and *Adams*

---

[11] *See* note 1. Counsel for Plaintiffs in *Adams* did not provide the parties with their position on this topic.

actions, Plaintiffs would need to provide information to substantiate their personal injury claims, while in *Alvarez*, Plaintiffs would need to provide information to substantiate their claims for alleged property damage and negligent infliction of emotional distress. Further, Defendants would be willing to coordinate their discovery requests in each separate action where appropriate, although each Defendant also likely would need to serve separate discovery requests, including requests specific to the claim(s) asserted against them and/or tailored to issues pertinent to a Defendant's historical operations.

Once the Court rules on Defendants' Rule 12 motions in the *Holiday*, *Barbee*, *Baker*, and *Adams* cases, to the extent that the parties identify any overlapping discovery issues, Defendants would be willing to discuss other coordination measures, as appropriate.

Respectfully submitted,

/s/ *Colin E. Flora* (with permission)
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*
**Attorneys for Holiday, Barbee, and Baker Plaintiffs**

s/ *Diana E. Reiter* (with permission)
Diana E. Reiter
Nancy G. Milburn
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
*Diana.Reiter@arnoldporter.com*
*Nancy.Milburn@arnoldporter.com*

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
*Sean.Morris@arnoldporter.com*

Kathleen A. DeLaney, No. 18604-49
DeLaney & DeLaney LLC
3646 Washington Blvd.
Indianapolis, IN 46205-3560
(317) 920-0400
*Kathleen@delaneylaw.net*

**Attorneys for Defendant Atlantic Richfield Company in Alvarez and for**

7

|  |  |
|---|---|
| s/Margaret C. O'Connor<br>Margaret C. O'Connor<br>David J. Chizewer<br>GOLDBERG KOHN LTD.<br>55 East Monroe Street – Suite 3300<br>Chicago, Illinois 60603<br>(312) 201-4000<br>margaret.oconnor@goldbergkohn.com<br>david.chizewer@goldbergkohn.com<br>**Attorneys for Alvarez Plaintiffs** | **Defendants Atlantic Richfield Company and BP West Coast Products LLC in Holiday, Barbee, Baker, and Adams**<br><br>s/Kevin M. Toner (with permission)<br>Kevin M. Toner #11343-49<br>PLEWS SHADLEY RACHER & BRAUN LLP<br>1346 N. Delaware St.<br>Indianapolis, IN 46202<br>Tel. (317) 637-0700<br>ktoner@psrb.com<br><br>H. Max Kelln, #30358-49<br>Julian E. Harrell, #30661-49<br>FAEGRE DRINKER BIDDLE &<br>REATH LLP<br>300 North Meridian Street, Suite 2500<br>Indianapolis, IN 46204<br>Telephone: (317) 237-1200<br>Max.Kelln@FaegreDrinker.com<br>Julian.Harrell@FaegreDrinker.com<br><br>**Attorneys for Defendant U.S. Smelter and Lead Refinery, Inc. d/b/a U.S.S. Lead Refinery, Inc.**<br><br>s/ Honor R. Costello (with permission)<br>Kathleen Taylor Sooy<br>Tracy A. Roman<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>(202) 624-2500<br>ksooy@crowell.com<br>troman@crowell.com<br><br>Honor R. Costello<br>Crowell & Moring LLP<br>590 Madison Avenue<br>New York, NY 10022<br>(212) 223-4000<br>hcostello@crowell.com |

8

        Dina M. Cox, Atty. No. 18590-49
Lewis Wagner, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, Indiana 46201
(317) 237-0500
*dcox@lewiswagner.com*

***Attorneys for Defendants E. I. du Pont de Nemours and Company and The Chemours Company***


*s/Thomas M. Connor* (with permission)
Thomas M. Connor
Attorney No. 27532-15
Jacqueline R. Sheridan
Attorney No. (24202-49)
Dinsmore & Shohl LLP
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(513) 977-8200

Krysta K. Gumbiner
Attorney No. 31989-45
Dinsmore & Shohl LLP
222 W Adams Street, Ste. 3400
Chicago, IL 60606
(312) 775-1743

John P. Reed
Attorney No. 20328-45
Harold Abrahamson
Attorney No. 2322-45
Abrahamson, Reed & Bilse
200 Russell Street, 5th Floor
Hammond, Indiana
(219) 937-1500

***Counsel for Defendants Hammond Group, Inc., Hammond Lead Products LLC, Halox LLC, and Halstab LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed with the Court's ECF system on August 2, 2021. A copy will be sent electronically to all counsel of record by operation of the ECF system.

*s/Margaret C. O'Connor*
Margaret C. O'Connor
