UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRISTOBAL ALVAREZ, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| ATLANTIC RICHFIELD COMPANY, et al., | ) CAUSE NO.: 2:17-cv-00414-PPS-JPK |
| Defendants. | ) |

## STATUS REPORT

The parties submit this Status Report to advise the Court of the status of the discovery issues identified in their January 12, 2023 Status Report. *See* Dkts. 218, 222.[1] As explained below, the parties reached an agreement on all but one issue—the adequacy of Plaintiffs' verifications to Defendants' interrogatories—and agree that it would be appropriate for the Court to mediate the parties' disagreement if they cannot reach an agreement before the March 14, 2023 Status Conference. *See* Dkt. 226.

I. **Resolved Discovery Issues:** The parties resolved the following issues: (1) Plaintiffs' further responses to Defendants' First Set of Interrogatories and Requests for Production of Documents to Plaintiffs; (2) Plaintiffs' search and production of electronic materials, such as emails and social media; (3) the release of Plaintiffs' medical and mental health records and information, and (4) the additional documents to be produced by Defendants.[2]

---

[1] The parties will continue to try to resolve without Court intervention any new discovery issues as they arise. For instance, Atlantic Richfield Company ("Atlantic Richfield") and Plaintiffs have agreed to meet and confer regarding the production of Plaintiffs' settlement agreement with U.S.S. Lead and Refinery, Inc. (d/b/a U.S.S. Lead Refinery, Inc.). If Atlantic Richfield is unable to resolve this issue with the parties to the agreement, Atlantic Richfield will file a motion at the appropriate time.

[2] The parties reserve their right to raise one or more of these issues with the Court as appropriate in the future, should the parties' agreements fail to address the discovery issues identified.

A. **Plaintiffs' Discovery Responses:** Plaintiffs have agreed to provide "revised supplemental" interrogatory responses and "supplemental" responses to the requests for production that address issues raised by Defendants during the meet and confer process.

1. **Plaintiffs' position:** As the investigation into this case continues, Plaintiffs will provide corrected and supplemental interrogatory answers where necessary to update damages calculations and address any factual inaccuracies. Plaintiffs are not currently aware of any additional information described in the bullet points in Defendants' position stated in Section A.2. below. Plaintiffs will supplement interrogatory responses in accordance with Rule 26(e)(1).

2. **Defendants' position:** Defendants have identified several issues regarding Plaintiffs' interrogatory responses, but are hopeful that the issues will be addressed in Plaintiffs' forthcoming revised supplemental responses. For example, Defendants have requested that Plaintiffs provide more information in response to interrogatories seeking information regarding any additional environmental sampling of their properties,[3] as well as other information related to the properties at issue, including:

- whether any alleged contaminants other than lead and/or arsenic were found at their property;[4]

- whether any contamination remains on the property and if so, the location and concentration of any such contaminant;

- the alleged environmental pathway(s) from any Defendant's former facility to the property; and

- the specific amount by which the property is claimed to have decreased in market value as a result of the alleged contamination, among other

---

[3] *See* Tr. Status Hr'g 47:21–48:7, Jan. 26, 2023 (attached as Exhibit A); Rep. Parties' Planning Meeting, Dkt. 176 at 5–6.

[4] Plaintiffs' counsel explained that, "Some people believe that *based on what they saw happening at their property*[,] that it may still be contaminated, *but we don't know that to be true*." Ex. A, Tr. Status Hr'g 47:25–48:2 (emphases added).

information.

Defendants remain willing to consider the adequacy of Plaintiffs' forthcoming revised supplemental and/or supplemental responses before seeking relief from the Court on these issues.

      B.    **Plaintiffs' Electronic Materials:** Plaintiffs have agreed to provide by March 1, 2023 proposed revisions to Defendants' search term proposal for Plaintiffs' electronic materials. Because the parties are continuing to discuss Plaintiffs' searches of social media, they do not believe this issue is ripe for Court intervention at this time.

      C.    **Plaintiffs' Medical and Mental Health:** The parties have agreed on a compromise with respect to this issue: each Plaintiff agreed to release his or her medical and mental health records and information from 2011 to present. Defendants reserve their right to seek additional records from any Plaintiff for a longer period of time and/or information about treatment for drugs, alcohol, and HIV/AIDS from any Plaintiff, and Plaintiffs reserve their right to oppose any such request.

      D.    **Defendants' Discovery Responses:** Defendants have agreed to search for and produce additional non-privileged, responsive documents and information. The parties have agreed to work together to target a reasonable and efficient timeline to complete this supplementation.

    II.    **Outstanding Discovery Issue:** The parties have been unable to reach an agreement on the adequacy of Plaintiffs' interrogatory verifications. As suggested by the Court, the parties agree that it would be appropriate for the Court to mediate the parties' respective positions on this issue.

      A.    **Plaintiffs' position:** Rule 33 permits Defendants to pose questions to Plaintiffs even if the answers are beyond the personal knowledge of any or all of the Plaintiffs. Rule 33(b)(3) should not be read to require a plaintiff in this case to swear under penalty of perjury

3

the truth of any fact that is beyond his or her personal knowledge. Indeed, such requirement may violate a plaintiff's due process rights.[5] The appropriate reading of the verification requirement, when applied to matters outside the plaintiff's foundation of knowledge, permits a plaintiff to verify that the answers state his or her true and correct position in the case. Such language serves the purpose of the verification requirement. Nothing in the cases cited by Defendants requires anything more than what Plaintiffs' verification provides. Plaintiffs offered to delineate which specific interrogatory responses are within a plaintiff's foundation of knowledge, even though the burden of doing so provides little value beyond the verification itself and would likely be requested only to increase the burden on Plaintiffs of pursuing their claims. In any event, Defendants indicated they were not satisfied with this offer in the parties' most recent meet and confer.

        B. **Defendants' position:** Plaintiffs' verifications are deficient in failing to verify under oath the truth and accuracy of their *entire* response to *each* interrogatory.[6] The verifications also fail to comply with other requirements, such as identifying which responses Plaintiffs are verifying.

Plaintiffs must verify their interrogatory responses, irrespective of the source of knowledge in the responses.[7] Plaintiffs, however, have only verified "under penalty of perjury . . . the

---

[5] The language of the verifications at issue read: "I, [Plaintiffs' name] **state under penalty of perjury**, that the answers in [INTERROGATORY RESPONSES] that are within my foundation of knowledge are **true and correct**; and otherwise the answers are **true and correct** statements of my position in this case." (Emphasis added.)

[6] *See* Fed. R. Civ. P. 33(b)(3), (5). In January and February 2023, Plaintiffs Harrison Gibbs, Melissa Peterson, Cytheria Artis, and Michael Trambles served corrected and supplemental interrogatory responses, which were accompanied with "new" verifications that are the subject of the parties' disagreement. While Defendants had identified several issues with the prior verifications that Plaintiffs provided with their supplemental interrogatory responses in December 2022, those verifications *did* include a proper oath affirming the truth and accuracy of *all* of their responses, including those with information not personally known to them.

[7] *See, e.g.*, *United States v. Quebe*, 321 F.R.D. 303, 309 (S.D. Ohio 2017) ("Although attorneys, as a practical matter, very likely assist their clients when answering Interrogatories, Rule 33(b)(3) required [the party] to answer each interrogatory separately, fully, and under oath." (citation omitted)); *see also*

4

answers . . . that are *within [their] foundation of knowledge*."[8]  The remainder of their verifications state that, "otherwise the answers are . . . statements of [Plaintiffs'] position in this case."[9]  Plaintiffs thus fail to verify under oath any response for which they lack personal knowledge.  But Plaintiffs do not identify which responses or portions thereof are based on their personal knowledge—and without a proper oath, the verifications are defective in allowing Plaintiffs to disclaim their responses.[10]

Moreover, Plaintiffs' verifications fail to state that they actually read their responses before verifying them.[11]  The verifications also must identify which interrogatory responses Plaintiffs are verifying:  their initial responses, their supplemental responses, and/or their corrected and supplemental responses.[12]  For these reasons, Plaintiffs' verifications fail to bind them to their responses and thus undermine Defendants' ability to obtain information and evidence through interrogatories.[13]  Defendants therefore request the Court's assistance in mediating the parties'

---

*Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 731 n.2 (7th Cir. 2011) ("A party answering an interrogatory must provide the non-privileged, responsive information he has, *whether or not he has personal knowledge . . . of the matter*." (emphasis added)).

[8] *See, e.g.*, Pl. Cytheria Artis's Corrected & Second Interrog. Resps. at p. 30 (emphasis added).  The full verification reads, "I, [Plaintiff's Name], state under penalty of perjury, that the answers in PLAINTIFF [Plaintiff's Name]'S (name of Plaintiff) **CORRECTED AND SECOND SUPPLEMENTAL INTERROGATORY RESPONSES** that are within my foundation of knowledge are true and correct; and otherwise the answers are true and correct statements of my position in this case."

[9] *See* note 8.

[10] *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *8–14 (E.D. Pa. Nov. 16, 2012) (striking interrogatory responses verified with defective verifications that improperly limited plaintiffs' oath to only those responses known to them personally); *Quebe*, 321 F.R.D. at 310 (finding verifications "inadequate" where defendant "verified only the facts" in his responses because opposing "counsel will be unable to depose [him] about portions of the answers that he did not provide").

[11] Curiously, the verifications that accompanied Plaintiffs' supplemental interrogatory responses *did* include the phrase, "I have read."

[12] *See, e.g.*, *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *8–14 (finding that individual plaintiffs must provide proper verifications for their initial, supplemental, and second supplemental interrogatory responses).

[13] In advance of raising this issue with the Court, Defendants proposed verifications, which contain a proper oath, that they requested be signed and returned with interrogatory responses served on behalf of

5

disagreement on this issue, should the parties not reach an agreement before the March 14, 2023 Status Conference.

Dated:  February 28, 2023                                   Respectfully submitted,

s/David J. Chizewer
David J. Chizewer
Rachel C. Steiner
Stacey E. Petrek
Goldberg Kohn Ltd.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
(312) 201-4000
David.Chizewer@goldbergkohn.com
Rachel.Steiner@goldbergkohn.com
Stacey.Petrek@goldbergkohn.com

*Counsel for Plaintiffs*

s/Diana E. Reiter
Diana E. Reiter
Nancy G. Milburn
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
Diana.Reiter@arnoldporter.com
Nancy.Milburn@arnoldporter.com

Sean O. Morris
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Kathleen A. DeLaney, Atty. No. 18604-49
DeLaney & DeLaney LLC
3646 Washington Boulevard
Indianapolis, IN 46205
(317) 920-0400
Kathleen@delaneylaw.net

*Counsel for Defendant Atlantic Richfield Company*

s/Honor R. Costello
Honor R. Costello
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
(212) 223-4000
HCostello@crowell.com

---

the forty-one Plaintiffs and four decedents in this case.  Defendants' verification proposal is attached as Exhibit B.

6

Tracy A. Roman
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
TRoman@crowell.com

Dina M. Cox, Atty. No. 18590-49
Janelle P. Kilies, Atty. No. 30807-49
Lewis Wagner, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
(317) 237-0500
DCox@lewiswagner.com
JKilies@lewiswagner.com

*Counsel for Defendants EIDP, Inc. f/k/a E. I. du Pont de Nemours and Company and The Chemours Company*