IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CRISTOBAL and THERESA ALVAREZ, *et al*., | ) ) ) | Civil Action No. 2:17-cv-00414-PPS-JPK |
| Plaintiffs, | ) ) | Judge Philip P. Simon |
| v. | ) ) | Magistrate Judge Joshua P. Kolar |
| ATLANTIC RICHFIELD COMPANY, *et al*., | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## MOTION TO SUBSTITUTE
## SUCCESSORS-IN-INTEREST FOR DECEASED PLAINTIFFS
## WILLIAM BOLEWARE, CURTIS HILL, JOSE SANCHEZ, AND JOHN SULLIVAN

Pursuant to Federal Rule of Civil Procedure ("Rule") 25(a)(1), Plaintiffs' *pro bono* attorneys file this Motion to Substitute Successors-in-Interest for Deceased Plaintiffs William Boleware, Curtis Hill, Jose Sanchez, and John Sullivan (the "Motion"). In support of this Motion, Plaintiffs state as follows:

### INTRODUCTION

1. Four named Plaintiffs have tragically passed away since this litigation began in 2017: William Boleware, Curtis Hill, Jose Sanchez, and John Sullivan (collectively, the "Deceased Plaintiffs"). Each of these decedents passed away intestate, and no personal representatives were ever appointed on their behalf. Under Indiana's Probate Code, each proposed substitute here is entitled to inherit from the Deceased Plaintiffs' estates—whether as surviving spouses (Ms. Gail Burts and Ms. Delphine Sullivan) or surviving children (Ms. Esther Placzek and Mr. Terence Hill). Under Indiana law, the proposed substitutes therefore qualify as successors-in-

interest to the Deceased Plaintiffs. As such, these family members are proper parties for substitution in this action.

## BACKGROUND

2. Plaintiffs filed this lawsuit on October 31, 2017, alleging that Defendants contaminated Plaintiffs' properties, resulting in, among other things, diminution of their property values, disruption to the enjoyment of their properties, and emotional distress. (*See* Complaint, ECF No. 1.) Defendants moved to dismiss the Complaint, and after fully briefing the motion, the parties waited more than three years for a decision. (*See* ECF Nos. 43, 46, 49, 52, 113.) After the motion was denied in part and granted in part, the remaining Defendants Atlantic Richfield Company ("ARCO"), E.I. DuPont de Nemours and Company, and The Chemours Company answered the Complaint on August 9, 2021. (ECF Nos. 157, 161, 163-164, 212.)

3. During the first several years of this lawsuit, four named Plaintiffs passed away. On February 17, 2022, ARCO filed a Notice of Suggestion of Death for each of the four Deceased Plaintiffs. (ECF Nos. 186-189.) On May 18, 2022, Plaintiffs timely filed a motion to appoint and substitute personal representatives for the Deceased Plaintiffs.[1] (ECF No. 202.) *See* Fed. R. Civ. P. 25(a)(1) (requiring motion for substitution to be "made within 90 days after service of a statement noting the death"). This Court denied Plaintiffs' original motion without prejudice. (ECF No. 210.)

4. Plaintiffs now seek substitution on the basis that certain family members are proper successors-in-interest of the Deceased Plaintiffs. In order to establish the requisite factual basis,

---

[1] This renewed motion to substitute is timely because Plaintiffs' original motion was timely filed. *Gary v. Young*, 2020 WL 1873586, at *2 (W.D. Wis. Apr. 15, 2020) ("As to the timeliness of the motion to substitute, [the plaintiff] filed her first motion within 90 days from the date the suggestion of death was entered on the record. Therefore, the motion to substitute is timely.")

Plaintiffs submit supporting declarations as to the proposed substitutions of William Boleware, Curtis Hill, Jose Sanchez, and John Sullivan, respectively. (*See* Declaration of Gail Burts, a copy of which is attached hereto as Exhibit A; Declaration of Terence Hill, a copy of which is attached hereto attached as Exhibit B; Declaration of Esther Placzek, a copy of which is attached hereto as Exhibit C; and Declaration of Delphine Sullivan, a copy of which is attached hereto as Exhibit D.)

## RELEVANT PARTIES

### A.   Plaintiff William Boleware

5.   Plaintiff William Boleware passed away on November 29, 2021, in Munster, Indiana. (Ex. A ¶ 3.) Mr. Boleware died intestate, and no estate for Mr. Boleware was ever opened after his death. (*Id.* ¶ 4.) Relatedly, no personal representative for Mr. Boleware was ever formally appointed. (*Id.*) Mr. Boleware was survived by his wife, Gail Burts, their one adult child, and two children from his previous marriage. (*Id.* ¶ 8.) Mr. Boleware's parents passed away before his death. (*Id.*)

6.   Ms. Burts' substitution is proper because she is a successor-in-interest to Mr. Boleware under Rule 25 and Indiana Code § 29-1-2-1.[2] Ms. Burts has agreed to substitute for Mr. Boleware in this litigation. (*Id.* ¶ 10.) Ms. Burts and Mr. Boleware were married for three years before the purchase of the subject property at 4829 Drummond Street, East Chicago, Indiana, in or around 1993. (*Id.* ¶ 5.) Ms. Burts and Mr. Boleware lived in the house thereafter, but had been temporarily displaced from the house by fire at the time of Mr. Boleware's death. (*Id.* ¶ 6-7.) Ms. Burts was living with Mr. Boleware when he passed away, and provided care for him as his health declined from severe chronic obstructive pulmonary disease and other heart

---

[2]   Indiana (Probate) Code § 29-1-2-1 dictates how "the estate of a person dying intestate shall descend and be distributed" to family members as successors-in-interest.

conditions. (*Id.*) Furthermore, Ms. Burts actively supported her late husband in this litigation by assisting with various communications, and Ms. Burts has knowledge of the facts and documents supporting her late husband's claims. (*Id.* ¶ 9.) Ms. Burts currently resides at the subject property on Drummond Street. (*Id.* ¶ 7.)

7. Therefore, Ms. Burts is a proper successor-in-interest to Plaintiff William Boleware and should be substituted accordingly.

### B. Curtis Hill

8. Plaintiff Curtis Hill passed away on January 6, 2019, in East Chicago, Indiana. (Ex. B ¶ 3.) Mr. Hill died intestate, and no estate for Mr. Hill was ever opened after his death. (*Id.* ¶ 4.) Relatedly, no personal representative for Mr. Hill was ever formally appointed. (*Id.*) Mr. Hill was survived by his wife, Nettie Hill—also a named Plaintiff in this litigation—and their two sons, including Terence Hill. (*Id.* ¶ 7.) Mr. Hill was not previously married, and had one son from a previous relationship (who passed away in 2021). (*Id.*) Mr. Hill's parents passed away before his death. (*Id.*)

9. Mr. Terence Hill's substitution is proper because he is a successor-in-interest to Mr. Hill under Rule 25 and Indiana Code § 29-1-2-1. Mr. Terence Hill has agreed to substitute for Mr. Hill in this litigation. (*Id.* ¶ 9.) As Mr. Hill's son, Mr. Terence Hill grew up at 434 Vernon Avenue in East Chicago, and regularly visited his parents at their nearby home at 402 Vernon Avenue once they relocated to that address. (*Id.* ¶ 5.) Mr. Terence Hill cared for and spent time with his father at 402 Vernon Avenue as Mr. Hill's health declined at the end of his life. (*Id.* ¶ 6.) Furthermore, Mr. Terence Hill actively supported his late father in this litigation by assisting with various communications, and Mr. Terence Hill has knowledge of the facts and documents supporting his late father's claims. (*Id.* ¶ 8.)

10.	Therefore, Mr. Terence Hill is a proper successor-in-interest to Plaintiff Curtis Hill and should be substituted accordingly.

### C.	Plaintiff Jose Sanchez

11.	Plaintiff Jose Sanchez passed away on September 22, 2020, in East Chicago, Indiana. (Ex. C ¶ 3.) Mr. Sanchez died intestate, and no estate for Mr. Sanchez was ever opened after his death. (*Id.* ¶ 4.) Relatedly, no personal representative for Mr. Sanchez was ever formally appointed. (*Id.*) Mr. Sanchez was survived by his wife, Natalia Sanchez—also a named Plaintiff in this litigation—and their five children, including their daughter, Esther Placzek. (*Id.* ¶ 7.) Mr. Sanchez was not previously married, and had no children from any previous relationships. (*Id.*) Mr. Sanchez's parents passed away before his death. (*Id.*)

12.	Ms. Placzek's substitution is proper because she is a successor-in-interest to Mr. Sanchez under Rule 25 and Indiana Code § 29-1-2-1. Ms. Placzek has agreed to substitute for Mr. Sanchez in this litigation. (*Id.* ¶ 9.) As Mr. Sanchez's daughter, Ms. Placzek resided at the subject property at 4806 Grasselli Street in East Chicago for most of her childhood, until she was eighteen years old. (*Id.* ¶ 5.) Since that time, Ms. Placzek has regularly returned to visit and assist her parents at their home. (*Id.*) As Mr. Sanchez's health declined, Ms. Placzek returned to East Chicago to stay with her parents, and provide assistance and end-of-life care for Mr. Sanchez. (*Id.* ¶ 6.) Furthermore, Ms. Placzek actively supported her late father in this litigation by assisting with various communications, and Ms. Placzek has knowledge of the facts and documents supporting her late father's claims. (*Id.* ¶ 8.)

13.	Therefore, Ms. Placzek is a proper successor-in-interest to Plaintiff Jose Sanchez and should be substituted accordingly.

D.  **Plaintiff John Sullivan**

14.  Plaintiff John Sullivan passed away on August 4, 2018, in East Chicago, Indiana. (Ex. D ¶ 3.) Mr. Sullivan died intestate, and no estate for Mr. Sullivan was ever opened after his death. (*Id.* ¶ 4.) Relatedly, no personal representative for Mr. Sullivan was ever formally appointed. (*Id.*) Mr. Sullivan was survived by his wife, Delphine Sullivan—also a named Plaintiff in this litigation—and their three children. (*Id.* ¶¶ 2, 7.) Mr. Sullivan was not previously married, and had no children from any previous relationships. (*Id.*) Mr. Sullivan's parents passed away before his death. (*Id.*)

15.  Ms. Sullivan's substitution is proper because she is a successor-in-interest to Mr. Sullivan under Rule 25 and Indiana Code § 29-1-2-1. Ms. Sullivan has agreed to substitute for Mr. Sullivan in this litigation. (*Id.* ¶ 9.) Ms. Sullivan and Mr. Sullivan married prior to their purchase of the subject property at 5015 Melville Avenue, East Chicago, Indiana. (*Id.* ¶ 5.) Thereafter, they lived together in this home until Mr. Sullivan's passing. (*Id.*) Ms. Sullivan was living with Mr. Sullivan when he passed away, and provided support and end-of-life care for him as his health declined. (*Id.* ¶¶ 5-6.) Furthermore, Ms. Sullivan actively supported her late husband in this litigation by assisting with various communications, and Ms. Sullivan has knowledge of the facts and documents supporting her late husband's claims. (*Id.* ¶ 8.) Ms. Sullivan currently resides at the subject property on Melville Avenue. (*Id.* at ¶ 5.)

16.  Therefore, Ms. Sullivan is a proper successor-in-interest to Plaintiff John Sullivan and should be substituted accordingly.

**LEGAL STANDARD**

17.  Pursuant to Rule 25, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1); *and see* Ind. R. Trial

P. 25(A) ("Substitution of Parties"). To grant a motion to substitute, this Court must determine both that the decedent's claim was not extinguished upon death and that the proposed substitute parties are proper. *See Mitchell v. LVNV Funding, LLC*, 2020 WL 614645, at *1 (N.D. Ind. Feb. 10, 2020) (granting motion to substitute). Under Indiana law, a decedent's successor-in-interest is a proper party for substitution: "an action that survives the death of a plaintiff may be continued by the deceased party's personal representative or successor in interest."[3] *Id.* at *3.

18. Here, both criteria for substitution are met. Therefore, this Court should grant the Motion.

## ARGUMENT

19. With regard to the first inquiry, the Deceased Plaintiffs' claims for property damage and emotional distress were not extinguished upon death. *See* Fed. R. Civ. P. 25(a)(1); *Mitchell*, 2020 WL 614645, at *1. Plaintiffs continue to pursue all claims alleged in their Complaint, specifically including property damage and emotional distress. (*See* ECF No. 210 at 2-4.) As this Court has observed, claims "for property damage can be maintained by the successors-in-interest[.]" (ECF No. 210 at 2.) And Plaintiffs' claims for emotional distress are "personal injuries to the deceased party," which also may be maintained by successors-in-interest.[4] *See* Indiana Code § 34-9-3-1(b). As such, the Deceased Plaintiffs' claims were not extinguished upon their deaths.

---

[3] Because the "proposed substitutes are not personal representatives, the parties agree that Indiana law should control as to whether the family members are proper parties for substitution." (ECF No. 210 at 2) (collecting authority).

[4] A successor-in-interest is "[s]omeone who follows another in ownership or control of property. A successor in interest retains the same rights as the original owner, with no change in substance." BLACK'S LAW DICTIONARY (11th ed. 2019).

20. As for the second inquiry, the proposed substitute parties are proper because they are successors-in-interest to the decedents. *See* Fed. R. Civ. P. 25(a)(1); *Mitchell*, 2020 WL 614645, at *1. *See also McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985) ("Several courts, including our own, have stated that the distributee of a distributed estate is a "proper party" for substitution under Rule 25(a)(1)"). *Mitchell* is directly on point. There, the court considered a motion for substitution for a deceased plaintiff who died in Indiana, intestate and without an appointed personal representative. *Mitchell*, 2020 WL 614645, at *3. The court concluded that it "has the authority to substitute [the decedent's] successor in interest to continue her claim." *Id.* The same result obtains here, where the Deceased Plaintiffs likewise died in Indiana, intestate and without appointed personal representatives.

21. As set forth in *Mitchell*, the decedent's successors-in-interest "***include those individuals that will inherit the estate.***" *Id.* (emphasis added). In *Mitchell*, the court applied Indiana law because the decedent had died in Indiana and found that, under the Indiana intestacy statute, the plaintiff's heirs—including her son—would inherit her estate. *Id.*[5] That is, pursuant to Indiana (Probate) Code § 29-1-2-1, the intestate decedent's surviving spouse is entitled to one half "of the net estate if the intestate is survived by at least one (1) child or by the issue of at least one (1) deceased child," or all of the "net estate, if there is no surviving issue or parent.[;]" and the share of the net estate not distributable to the surviving spouse descends to the "issue of the intestate," and "if they are all of the same degree of kinship to the intestate, they shall take equally[.]" *See Mitchell,* 2020 WL 614645, at *4. In other words, in Indiana, the surviving spouse

---

[5] The court also considered additional information about the decedent and her estate, including: she was not married at the time of her death; she had "at least one child," a son; the decedent lived with this son before her death; and this son was the decedent's "primary caregiver." *Id.* at *3.

of a decedent who dies intestate inherits at least a portion of the estate, as does a surviving child. Ind. Code § 29-1-2-1. For this reason, the court found that the decedent's son would "at least partially, inherit [the plaintiff's] estate," and therefore was "a successor in interest and a proper party to continue this action on [her] behalf." *Mitchell*, 2020 WL 614645, at *4 (collecting cases).

22. Similarly, Indiana state courts have found substitution proper for familial successors-in-interest. In *Burtrum v. Wheeler*, defendant and counter-claimant passed away during litigation related to a car accident. 440 N.E.2d 1147, 1149 (Ind. Ct. App. 1982). The trial court appointed decedent's widow as his successor-in-interest, finding that (a) she was the surviving spouse of the deceased party, and (b) no probate estate was ever opened for the decedent. *Id.* (citing Ind. Trial Rule 25(d)(2)). *See also Franta v. Krieger*, 137 Ind. App. 47, 49 (1965) (after defendant's passing, both her son and daughter "were determined as successors in interest of the decedent" in ongoing litigation).

23. Here, as in *Mitchell*, the Deceased Plaintiffs' surviving family members are entitled to inherit at least a portion of their estates under Indiana's Probate Code, as described above and in the accompanying declarations. Therefore, they are proper successors-in-interest to the Deceased Plaintiffs in this action.

24. In ruling on Plaintiffs' previous Motion to Appoint and Substitute Personal Representatives (ECF No. 202), this Court held that successors-in-interest may maintain claims for property damage and claims for "personal injuries" per Indiana Code § 34-9-3-1. (ECF No. 210 at 2-4.) But because Plaintiffs did not establish (or argue) that "the proposed substitutes are successors-in-interest," this Court instructed that in a renewed motion, if "Plaintiffs seek substitution on the basis that the family members are successors-in-interest, the motion should establish that fact by declaration, affidavit, or other evidentiary documentation." (*Id.* at 4.) In

compliance with this Court's Order, Plaintiffs submit Exhibits A through D to establish that the four family members are successors-in-interest.

25.  Moreover, these substitutions will not delay or otherwise complicate the proceedings. Fact discovery is ongoing, with ample time remaining before the proposed cut-off date in August 2024.  (*See* ECF No. 218.)

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order granting this Motion to Substitute Successors-in-Interest for Deceased Plaintiffs William Boleware, Curtis Hill, Jose Sanchez, and John Sullivan and; substituting as successors-in-interest for the purpose of pursuing the Deceased Plaintiffs' claims (1) Gail Burts for deceased Plaintiff William Boleware, (2) Plaintiff Terence Hill for deceased Plaintiff Curtis Hill, (3) Esther Placzek for deceased Plaintiff Jose Sanchez, and (4) Plaintiff Delphine Sullivan for deceased Plaintiff John Sullivan; and granting such further relief as the Court deems just and proper.

Dated:  April 27, 2023

Respectfully submitted,

DAVID J. CHIZEWER on behalf of GAIL BURTS
TERENCE HILL, ESTHER PLACZEK and
DELPHINE SULLIVAN


By: /s/ David J. Chizewer
       One of Their Attorneys

David J. Chizewer
David E. Morrison
Rachel C. Steiner
Stacey E. Petrek
Paul J. Sauerteig
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-3938 – David J. Chizewer
(312) 201-3972 – David E. Morrison
(312) 201-3983 – Rachel C. Steiner
(312) 201-3978 – Stacey E. Petrek
(312) 201-3998 – Paul J. Sauerteig
david.chizewer@goldbergkohn.com
david.morrison@goldbergkohn.com
rachel.steiner@goldbergkohn.com
stacey.petrek@goldbergkohn.com
paul.sauerteig@goldbergkohn.com

*Pro Bono Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on April 27, 2023, he caused a true and correct copy of the **MOTION TO SUBSTITUTE SUCCESSORS-IN-INTEREST FOR DECEASED PLAINTIFFS WILLIAM BOLEWARE, CURTIS HILL, JOSE SANCHEZ, AND JOHN SULLIVAN** to be served via the Court's ECF/electronic mailing system upon all counsel of record.

/s/ David J. Chizewer