# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

|  |  |  |
|---|---|---|
| CRISTOBAL and THERESA ALVAREZ, *et al.*, | ) | |
| | ) | Civil Action No. 2:17-cv-00414-PPS-JPK |
| Plaintiffs, | ) | |
| | ) | Judge Philip P. Simon |
| v. | ) | Magistrate Judge Joshua P. Kolar |
| | ) | |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF GAIL BURTS

I, Gail Burts, do hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called upon to testify as a witness, could and would competently testify thereto.

2.      I am the surviving spouse of William Boleware, a named Plaintiff in this lawsuit.

3.      William Boleware passed away on November 29, 2021, in Munster, Indiana.

4.      Mr. Boleware died without a will.  No estate for Mr. Boleware was ever opened after his death.  No personal representative was ever formally appointed for Mr. Boleware.

5.      My husband, William Boleware, and I were married for three years before the purchase of the subject property at 4829 Drummond Street, East Chicago, Indiana, in or around 1993.

6.      Mr. Boleware and I resided in the house together from the date of purchase.  I also provided care for him as his health declined from severe chronic obstructive pulmonary disease and other heart conditions.

7.      As his spouse, I was living with Mr. Boleware when he passed away.  At the time Mr. Boleware passed away, we were temporarily staying in a hotel in Munster, Indiana, in light of damage to our East Chicago home.  However, I have since resumed living in the subject property on Drummond Street.

8.      Mr. Boleware was survived by myself, our one adult child, and two children from Mr. Boleware's previous marriage.  Both of Mr. Boleware's parents passed away before his death.

9.      Prior to his death, I actively supported my late husband by assisting with various communications related to this lawsuit.  Further, I have knowledge of the facts and documents supporting Mr. Boleware's claims.  Therefore, I am capable and qualified to prosecute Mr. Boleware's claims on his behalf.

10.     I agree to be substituted on behalf of deceased Plaintiff Mr. William Boleware in this lawsuit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of April, 2023.

By: _____
                Gail Burts

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRISTOBAL and THERESA ALVAREZ, *et al.*, | )<br>)<br>) Civil Action No. 2:17-cv-00414-PPS-JPK<br>) |
| Plaintiffs, | ) |
| | ) Judge Philip P. Simon |
| v. | ) Magistrate Judge Joshua P. Kolar |
| | ) |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## DECLARATION OF TERENCE HILL

I, Terence Hill, do hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called upon to testify as a witness, could and would competently testify thereto.

2.      I am the son of Curtis Hill, a named Plaintiff in this lawsuit.

3.      Curtis Hill passed away on January 6, 2019, in East Chicago, Indiana.

4.      Mr. Hill died without a will. No estate for Mr. Hill was ever opened after his death. No personal representative was ever formally appointed for Mr. Hill.

5.      As Mr. Hill's son, I grew up at 434 Vernon Avenue, where I still reside to this day. Furthermore, I have regularly visited my parents at their nearby home at 402 Vernon Avenue since they relocated to that address.

6.      I cared for and spent time with my father at 402 Vernon Avenue as his health declined at the end of his life; he passed away in his home at 402 Vernon Avenue.

7.      Mr. Hill was survived by his spouse, Nettie Hill (a named Plaintiff in this lawsuit), and their two sons—my brother and myself. Mr. Hill was not previously married, and had one son

14100840

from a previous relationship (who passed away in 2021). Both of Mr. Hill's parents passed away before his death.

8. Prior to his death, I actively supported my father by assisting with various communications related to this lawsuit. Further, I have knowledge of the facts and documents supporting Mr. Hill's claims. Therefore, I am capable and qualified to prosecute Mr. Hill's claims on his behalf.

9. I agree to be substituted on behalf of deceased Plaintiff Mr. Curtis Hill in this lawsuit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of April, 2023.

By: _____
Terence Hill

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| CRISTOBAL and THERESA ALVAREZ, *et al.*, | ) | |
|  | ) | Civil Action No. 2:17-cv-00414-PPS-JPK |
| Plaintiffs, | ) | |
|  | ) | Judge Philip P. Simon |
| v. | ) | Magistrate Judge Joshua P. Kolar |
|  | ) | |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) | **JURY TRIAL DEMANDED** |
|  | ) | |
| Defendants. | ) | |

-------------------------------------------------------------------

## DECLARATION OF ESTHER PLACZEK

I, Esther Placzek, do hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called upon to testify as a witness, could and would competently testify thereto.

2.      I am the daughter of Jose Sanchez, a named Plaintiff in this lawsuit.

3.      Jose Sanchez passed away on September 22, 2020, in East Chicago, Indiana.

4.      Mr. Sanchez died without a will.  No estate for Mr. Sanchez was ever opened after his death.  No personal representative was ever formally appointed for Mr. Sanchez.

5.      As Mr. Sanchez's daughter, I resided at the subject property at 4806 Grasselli Street for most of my childhood, up until I was eighteen years.  Since that time, I have regularly returned to visit and assist my parents at this address.

6.      As my father's health declined, I returned to East Chicago to stay with my parents and provide assistance and end-of-life care for my father.  I was present in East Chicago when my father passed away.

7.      Mr. Sanchez was survived by his wife, Natalia Sanchez (also a named Plaintiff in this litigation), and their five children—including myself.  Mr. Sanchez did not have any prior spouses, or other children from past relationships.  Both of Mr. Sanchez's parents passed away before his death.

8.      Prior to his death, I actively supported my father by assisting with various communications related to this lawsuit.  Further, I have knowledge of the facts and documents supporting Mr. Sanchez's claims.   Therefore, I am capable and qualified to prosecute Mr. Sanchez's claims on his behalf.

9.      I agree to be substituted on behalf of deceased Plaintiff Mr. Jose Sanchez in this lawsuit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of April, 2023.

By: _____
                Esther Placzek

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

_____

CRISTOBAL and THERESA ALVAREZ, *et al*.,

               Plaintiffs,

     v.

ATLANTIC RICHFIELD COMPANY, *et al*.,

               Defendants.

_____

Civil Action No. 2:17-cv-00414-PPS-JPK

Judge Philip P. Simon
Magistrate Judge Joshua P. Kolar

**JURY TRIAL DEMANDED**

## DECLARATION OF DELPHINE SULLIVAN

I, Delphine Sullivan, do hereby declare as follows:

1.     I have personal knowledge of the facts set forth below and, if called upon to testify as a witness, could and would competently testify thereto.

2.     I am the surviving spouse of John Sullivan, a named Plaintiff in this lawsuit. I am also a named Plaintiff in this lawsuit.

3.     John Sullivan passed away on August 4, 2018, at our home in East Chicago, Indiana, at 5015 Melville Avenue.

4.     Mr. Sullivan died without a will. No estate for Mr. Sullivan was ever opened after his death. No personal representative was ever formally appointed for Mr. Sullivan.

5.     Mr. Sullivan and I were married prior to our purchase of the subject property at 5015 Melville Avenue. Once we moved into our home, we lived there together until my husband's passing. I reside at 5015 Melville Avenue to this day.

6.     I provided end-of-life care and support to my husband as his health declined, and as he ultimately passed away.

14100854

7.      Mr. Sullivan was survived by myself, and our three children.  Mr. Sullivan was not previously married, and has no children from other relationships.  Both of Mr. Sullivan's parents passed away before his death.

8.      Prior to his death, I actively supported my late husband by assisting with various communications related to this lawsuit.  Further, I have knowledge of the facts and documents supporting Mr. Sullivan's claims.  Therefore, I am capable and qualified to prosecute Mr. Sullivan's claims on his behalf.

9.      I agree to be substituted on behalf of deceased Plaintiff Mr. John Sullivan in this lawsuit.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of April, 2023.

By: _____

Delphine Sullivan