UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CRISTOBAL ALVAREZ, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br><br> ATLANTIC RICHFIELD COMPANY, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> )    CAUSE NO.: 2:17-CV-414-PPS-JEM <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Four deceased Plaintiffs are trying for a second time to substitute successors-in-interest in this case. [DE 233.] Defendants E.I. Du Pont De Nemours and Company and the Chemours Company object to the proposed substitutions. Then Magistrate Judge Joshua Kolar previously denied Plaintiffs' first motion to substitute, without prejudice. [DE 210.] As explained in that order, Federal Rule of Civil Procedure 25 allows for timely substitution of a deceased party by the "proper party," but under *Erie*, state law controls whether a proposed replacement is a proper party. *See* Fed. R. Civ. P. 25(a)(1); *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994); *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2020 WL 614645, at *2 (N.D. Ind. Feb. 10, 2020); 6 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 25.12[3] (3d ed. 2011) ("Whether a person is a proper party[] is . . . a substantive rather than procedural question and is determined according to state law.").

Under Indiana law, "the court, on motion, may allow the action to be continued by or against the legal representatives or successors in interest of the deceased." Ind. Code § 34-9-3-1(b). However, a special rule applies to claims based on "personal injuries to the deceased party." Ind. Code § 34-9-3-1(a)(6). For personal injury claims, only "[t]he personal representative of the

decedent who was injured may maintain an action against the wrongdoer . . . The damages inure to the exclusive benefit of the decedent's estate." Ind. Code § 34-9-3-4.

The plaintiffs in this case pursue claims of negligence, negligent infliction of emotional distress, and nuisance, seeking compensation for loss in property value, cost of remediation, and damages for emotional distress. [DE 1 at 63-68.] Claims for property damage can be maintained by successors in interest, and do not require the appointment of a representative. However, the alleged emotional distress is "personal injur[y] to the deceased part[ies]," Ind. Code § 34-9-3-1(a)(6), so any claims for those damages can only be maintained by personal representatives. Plaintiffs' prior motion did not adequately establish that any of the proposed substitutes were personal representatives or successors in interest, so Judge Kolar denied the motion without prejudice and invited Plaintiffs to file a renewed motion. [DE 210 at 4.]

Plaintiffs' have now renewed their motion and included declarations from the four proposed substitutes indicating that each of the deceased plaintiffs died intestate. Each substitute is a surviving spouse or child of a deceased plaintiff. [DE 233-1.] Under Indiana's intestacy statute, each proposed substitute stood to inherit, at least partially, from the corresponding plaintiff. *See* Ind. Code § 29-1-2-1.

For starters, as discussed at the November 6, 2023 hearing before Judge Kolar, the renewed motion is timely filed under Rule 25(a)(1) because Plaintiffs "filed [their] first motion within 90 days from the date the suggestion of death was entered on the record." *Gary v. Young*, No. 18-CV-541-JDP, 2020 WL 1873586, at *2 (W.D. Wis. Apr. 15, 2020). *See also Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) ("While couched in mandatory terms, the Advisory Committee Notes to Rule 25 indicate that the 90–day requirement may be extended by Federal Rule of Civil Procedure 6(b) . . . [T]he history of Rule 25(a) and Rule 6(b) makes it clear that the

2

90 day time period was not intended to act as a bar to otherwise meritorious actions.") (citation omitted).

Let's look first at the emotional distress claims. Plaintiffs argue that their emotional distress claims may pass to the substitutes as successors in interest, even though they are not personal representatives of the deceased. Plaintiffs do not present a case in which that was permitted, but they do point to Indiana Code § 34-9-3-1(b), which provides that "the court, on motion, may allow the action to be continued by or against the legal representatives or successors in interest of the deceased." However, the same section of the statute makes clear that personal injury claims survive "only to the extent provided in this chapter." Ind. Code § 34-9-3-1(a). For those claims, "[t]he personal representative[1] of the decedent who was injured may maintain an action against the wrongdoer . . . *The damages inure to the exclusive benefit of the decedent's estate*." Ind. Code § 34-9-3-4 (emphasis added). *See also Ellenwine v. Fairley*, 846 N.E.2d 657, 660-61 (Ind. 2006) (medical malpractice claim could survive the patient's death, "[a]ssum[ing] for the moment that [his parents] were properly acting as his legal representatives").[2] Accordingly, I cannot permit substitution for the emotional distress claims.

Turning to the property damage claims, Defendants note that although the four plaintiffs died intestate, Plaintiffs have not shown that the proposed substitutes hold an interest in the relevant properties. For example, proposed substitute Gail Burts "has presented no evidence[,] such as a letter testamentary or letter of general administration," that identifies her as the

---

[1] Under Indiana law, the term "personal representative" can include an "executor, administrator, administrator with the will annexed, administrator de bonis non, [or] special administrator." Ind. Code § 29-1-1-3(30).

[2] Plaintiffs' citation to the Indiana Supreme Court's general statement that "Indiana case law has long allowed duly appointed personal representatives and successors in interest to bring claims under the Survival Statute" is unpersuasive for the same reason. [DE 237 at 4 (quoting *Goleski v. Fritz*, 768 N.E.2d 889, 891-92 n.2 (Ind. 2002)).] The court did not hold that the statute permitted personal injury claims to pass to successors-in-interest.

3

appropriate successor for claims to the property. [DE 235 at 5.] Defendants point out that the proposed substitutes have other potential heirs who may have an equal or superior interest in the relevant properties. There is no indication that these other potential heirs have been served.

As multiple courts have observed, "[t]his is not a well-traveled area of the law." *Mitchell*, 2020 WL 614645, at *4 n.2 (quoting *Tucker v. Mitchell-Lawshea*, 17-CV-05883, 2019 WL 1057384, at *2 (N.D. Ill. Mar. 6, 2019)). No party has presented authority squarely establishing whether a substitute must document that he or she is a successor to the specific interest at issue in the litigation. In *Mitchell*, the court seemed to conclude that it can be sufficient to be a "successor" in the sense of partially inheriting from the estate. 2020 WL 614645, at *4 ("Richard Mitchell will, at least partially, inherit Mary Mitchell's estate . . . *making him a successor in interest and a proper party to continue this action on Mary Mitchell's behalf*." (emphasis added)). The court acknowledged that the successor may not have been the only heir (the deceased had "at least" one child), but also that the successor was the deceased's "primary caregiver." No other potential heir was identified in the moving papers. *See id*. at 4. *See also* DE 212, *Mitchell v. LVNV Funding, et al.*, 2:12-cv-523-TLS.

There are some countervailing considerations in this case. First, the facts here are different from *Mitchell* because other potential heirs have been identified, and because these claims involve real property. It is at least possible that a proposed substitute may not have any interest in the property itself, even if the substitute was entitled to inherit something from the deceased at the time of death. Moreover, Federal Rule of Civil Procedure 25 requires that motions to substitute be served on "nonparties." Although the rule does not define when a "nonparty" must be served, that would seem to be appropriate for the potential heirs here. *See Carr v. Target Corp.*, No. 18-CV-3002, 2019 WL 952563, at *1 (C.D. Ill. Feb. 27, 2019) ("Non-parties with a possible interest would

4

be all beneficiaries under the Trust and all persons who were entitled to inherit from the Decedent on the date of her death . . . These interested non-parties are entitled to notice and opportunity to respond to the Successor Trustees' request to be substituted in. Rule 25(a)(3) requires such notice.").

Fundamentally, Indiana's survival statute is clear that for most claims (such as for property damage), "the cause of action survives"; the few claims whose survival is conditional (such as personal injury) are the "except[ions]." § 34-9-3-1(a). Permitting substitution for the property damage claims is consistent "with the purpose of the 1963 amendments to Federal Rule 25 . . . 'to liberalize the rule and to allow flexibility in substitution of parties.'" *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 516 (D.C. Cir. 1999) (quoting *McSurely v. McClellan*, 753 F.2d 88, 98–99 (D.C. Cir. 1985) (citation omitted)). *See also Wesley v. Samsung Elecs. Am., Inc.*, No. CV 20-18629-JMV-AME, 2022 WL 7536318, at *4 (D.N.J. Oct. 13, 2022) ("Rule 25 . . . was liberalized to preserve those claims not extinguished by the death of a party."). The fact that the plaintiffs died intestate strongly suggests that one of the heirs would be the appropriate person to continue litigating each surviving claim.[3] Accordingly, the Court intends to permit substitution as to the property damage claims once the potential heirs are served with notice.

In sum, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' renewed motion to substitute successors-in-interest [DE 233]. The Court **ORDERS** Plaintiffs to serve a copy of the operative complaint, their renewed motion to substitute, and this order, on any individuals who are known to be heirs to the deceased under Indiana's intestacy statute, and to file proof of service

---

[3] Although not persuasive as to Indiana law, the Court notes that other federal courts have permitted substitution under Rule 25 without a showing of a specific interest in the claim itself. *See, e.g.*, *Mason v. Asset Acceptance, LLC*, No. 1:06-CV-735, 2007 WL 2112347, at *2 (S.D. Ohio July 9, 2007) (permitting substitution by the deceased plaintiff's "closest living heir, and [] sole distributee of the estate"); *Hardy v. Kaszycki & Sons Contractors, Inc.*, 842 F. Supp. 713, 716 (S.D.N.Y. 1993) ("Although Mr. Senyshyn died intestate, it is undisputed that Ms. Senyshyn is the sole—or at least primary—distributee of her husband's estate.").

5

when they have done so. Plaintiffs may then file a renewed motion to substitute consistent with this order.

    **SO ORDERED**.

    ENTERED: February 8, 2024.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
U.S. DISTRICT COURT
